# Isabella G. Bland, Appellant, v. Roxborough, Chestnut Hill and Norristown Railway Company.

*Negligence—Street railways—Alighting from car.*

Plaintiff, a passenger on the suburban trolley line of the defendant, which was laid on a public road, desired to get off opposite her residence. She had frequently used the cars in traveling from and to this point. On the right side of the track the road was smooth and level; on the left there was a ditch spanned by a bridge which was used as an entrance to her residence. The cars frequently stopped at this bridge to receive and discharge passengers, but it did not appear that it was a regular stopping place. Plaintiff signaled the conductor to stop at this point, and, alighting on the left side of the track, fell into the ditch, sustaining injuries for which this suit was brought. The accident happened at night, but the car was well lighted; there was a gas lamp burning about twelve or fifteen feet distant, and an electric light directly over the platform from which she stepped. *Held,* that a verdict was properly directed for the defendant.

Argued Dec. 14, 1899. Appeal, No. 176, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 872, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER JJ. Affirmed. Opinion by ORLADY, J.

Trespass for personal injuries. Before AUDENRIED, J.
The facts sufficiently appear in the opinion of the court.
The court directed the jury to find a verdict for defendant.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was in giving binding instruction for defendant.

*Thomas Ridgway,* for appellant, cited Jagger v. Railroad Co., 180 Pa. 436, Railway Co. v. Stutler, 54 Pa. 375, Meier v. Railroad Co., 64 Pa. 225, Richmond City Railway Co. v. Scott, 86 Va. 902, Cockle v. Railway Co., L. R. 7 C. P. 321, Pollock on Torts, *355, Wilson v. Railroad Co., 177 Pa. 503, and Sowash v. Traction Co., 188 Pa. 618.

*Francis Rawle* and *Francis W. Rawle,* for appellee.—The plaintiff was guilty of contributory negligence, and binding instructions for the defendant were properly given: Haven v. Bridge Co., 151 Pa. 620; Pittsburg Southern Railway Co. v. Taylor, 104 Pa. 306; Monongahela City v. Fischer, 111 Pa. 9; Winner v. Oakland Twp., 158 Pa. 405; Railroad Co. v. Aspell, 23 Pa. 147; Hill v. Township of Tionesta, 146 Pa. 11; Delaware, Lackawanna & Western R. R. Co. v. Cadow, 120 Pa. 559; Erie v. Magill, 101 Pa. 616.

The cases cited by appellant can all be easily distinguished from the present case.

OPINION BY ORLADY, J., March 21, 1900:

The appellant was a passenger on one of the cars of the defendant company, and in alighting therefrom she received injuries for which she claimed damages in this action. She entered the car at about 9:30 o'clock in the evening to ride to her home. She was familiar with the route and the place where she desired the car to stop, which was opposite the dwelling house of her brother with whom she resided. She had lived in that neighborhood for several years and had frequently used the cars in her travel to and from this place. The trolley track was laid on a public road, and close to the left side of the track there was a drainage ditch or gutter which, near to the place where the accident occurred, was spanned by a wooden bridge that was used as an entrance to her brother's property, and at which point the trolley cars frequently stopped to receive and discharge passengers. On the opposite side of the trolley track was a smooth level roadway or street. The appellant on former occasions had gotten off a car on each side of the track and well knew the location of the bridge, gutter and track. She testified: " I looked at the conductor, made a sign to stop, and as he stopped at the bridge crossing into the drive, and that was

where I always get on, I presumed that was where it was, being dark: I saw him look out, as he usually did, to see if it was in the right place, and I presumed, as he looked out, it was in the right place, and I got on the left side of the car, taking hold of the bar on the car, I got out of the car, and instead of my foot resting on the ground, the even ground, as I supposed, I fell into this ditch—I dropped into the ditch."

The car was standing at the time in response to her signal to the conductor; there was a lighted gas lamp about twelve or fifteen feet from the place; the car was well lighted and there was an electric light directly over the platform from which she stepped.

There is no evidence in the case tending to show that this point on the suburban trolley road was a regular stopping place; that the bridge was a landing place for passengers, nor that this passenger was requested or directed by the conductor to alight at this particular place. The passenger knew the location as well as the conductor, and, without suggestion or invitation from any source she elected to adopt a hazardous line of conduct and to step from the car on the side which involved some risk instead of stepping from the right hand side of the car, which would have assured a perfectly safe landing place. There is no doubt or uncertainty about the facts attending the accident, and unfortunately for her, she miscalculated the distance in the dark, and her error of judgment was the sole cause of the injuries she suffered.

She had been carried safely; the car, so far as the evidence shows, stopped promptly at the point indicated by her, and remained so until she stepped from the platform.

There is nothing in the case to warrant a verdict against the defendant, and the court properly directed the verdict in the company's favor.

The judgment is affirmed.